IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   v. )<br>)   Criminal No. 20-218-27<br>KRESSMORE J. WATSON, )<br>)<br>      Defendant. ) | |

**MEMORANDUM ORDER**

Defendant Kressmore J. Watson and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 3). Following a detention hearing, a magistrate judge in the Central District of California released Defendant on bond and the Government moved to revoke the release order. (Docket Nos. 101, 389 at 9-10). The parties subsequently submitted extensive briefing and additional evidence to supplement the record. (Docket Nos. 387, 389, 397). A hearing was held on December 14, 2020, at which time the Court granted the Government's motion, revoked the release order, and ordered that Defendant be detained pending trial or other disposition of this matter (the "Detention Order"). (Docket No. 439). On December 18, 2020, the Court issued a Memorandum Opinion and Order to further explain its reasons for the ruling (the "December 2020 Opinion"). (Docket Nos. 456, 457). As detailed in the December 2020 Opinion, the Court considered the four factors set forth in 18 U.S.C. § 3142(g) and found that there is no condition or set of conditions which will reasonably assure Defendant's appearance as required and the safety of the community if he were to be released. (Docket No. 456 at 13-20).

On December 6, 2021, Defendant filed a Motion for Renewed Application for Admission to Bail, in which he asks the Court "to reconsider[ ]" certain factors that he contends weigh in favor of release. (Docket No. 822 at 9). To that end, Defendant repeats various points which the Court was well aware of when it previously ruled on the matter, including that his prior criminal history is relatively minor, that his mother, who resides in Los Angeles California, is willing to serve as a third-party custodian if he is released, that his support network will assist him in finding employment, and that he is willing to relinquish his passport. (*Id.* at 10-11). The only additional information which Defendant provides in his pending Motion is that his girlfriend's mother, who resides in Georgia and who he has known for 15 years, is willing to serve as a third-party custodian, and he supposedly has an opportunity to work with his girlfriend's father "as a laborer in Georgia's robust film industry" if he is released. (*Id.*).

The Government opposes Defendant's Motion, arguing that the Court should not entertain it because doing so is contrary to the plain language of § 3145(b) of the Bail Reform Act.[1] (Docket No. 833 at 3). Even if Defendant's Motion is construed as a motion to reconsider the Detention Order, the Government maintains that Defendant has not established any basis for reconsideration. (*Id.* at 3-5).

In this instance, the Court will construe Defendant's pending Motion as a motion to reconsider the Detention Order, and it will grant reconsideration and reaffirm the Detention Order for the reasons explained below.

---

[1] The Court notes that 18 U.S.C. §§ 3145(a) and (b) provide for review of a magistrate judge's release order or detention order by a district judge, but those provisions do not expressly provide for review by a district judge of his own release order or detention order. A district court's release or detention decision may be appealed to the Court of Appeals in accordance with 18 U.S.C. § 3145(c). *See United States v. Lewis*, Crim. No. 2:20-80-1, 2020 WL 6827416, at *2 (W.D. Pa. Nov. 20, 2020) ("Defendant now has made three unsuccessful attempts at release in this case. . . . If he disagrees with the detention decision, his recourse at this point is an appeal to the United States Court of Appeals for the Third Circuit pursuant to 18 U.S.C. § 3145(c).").

Initially, it is settled that a motion for reconsideration may be filed in a criminal case. *See United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted). Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). In sum, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (citation omitted).

Defendant does not contend that reconsideration is warranted based on an intervening change in the controlling law or because there is a need to correct a clear error of law or fact or to prevent a manifest injustice. As a basis for reconsideration, Defendant appears only to advance new information that his girlfriend's mother, who lives in Georgia, is willing to serve as a third-party custodian, and he has an opportunity to work with his girlfriend's father as a laborer in Georgia's robust film industry if he is released (collectively, the "Georgia information"). (Docket No. 822 at 10-11). Other than that, Defendant summarizes information which previously was available to the Court when it ruled on the Government's motion to revoke the release order. Given the Georgia information, which appears to be new information, the Court will reconsider the

3

Detention Order, but it will deny Defendant's Motion for reasons previously discussed at great length in the December 2020 Opinion and for the additional reasons detailed herein.

In denying Defendant's renewed request for pretrial release, the Court briefly reiterates the following from its December 2020 Opinion: the charge Defendant faces raises the rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community; even if Defendant satisfied his burden to rebut the applicable presumption, the available information and proffered evidence on each of the factors under 18 U.S.C. § 3142(g) weigh in favor of detention; the nature and circumstances of the offense involve a serious charge of conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine for Defendant's alleged involvement acting as a courier and a distributor of multi-kilogram quantities of cocaine for the organization; if convicted, Defendant faces a statutory mandatory term of not less than ten years and up to life imprisonment; while recognizing that Defendant is presumed innocent of the charged offense, the weight of the evidence against him favors pretrial detention; Defendant has no ties whatsoever to the Western District of Pennsylvania where the case is pending, he has some family ties to Jamaica and he faces a substantial penalty if convicted which provides incentive to flee; and release on bond would pose a serious risk of his continued drug trafficking activities. (Docket No. 456 at 13-20).

The Georgia information which Defendant now advances does not alter these findings. As the Court recognized in the December 2020 Opinion, Defendant has ties to the Los Angeles, California area where he previously resided and where his mother currently lives, but he presents a flight risk given that he is facing a substantial term of incarceration if convicted, he has no ties whatsoever to this District where the case is pending, and he has some family ties to Jamaica. (*See* Docket No. 456 at 17-18). The Court also recognized Defendant's mother's willingness to serve

as a third-party custodian, but explained its serious concerns about such an arrangement, regardless of who would assume that role.  (*See id.* at 18).  The fact that Defendant now proposes as a third-party custodian his girlfriend's mother who lives in Georgia does nothing to ameliorate the Court's previously expressed concerns on these matters and the reasons for same which still apply, regardless of the proposed custodian's location in California or Georgia.  Additionally, although it is laudable that Defendant's supporters are willing to assist him in finding employment, and that he supposedly has an opportunity to work with his girlfriend's father in Georgia if he were to be released, he provides no specific information about the prospective position "as a laborer in Georgia's robust film industry."  (*See* Docket No. 822 at 11).  In sum, for all of the reasons previously expressed in the December 2020 Opinion which the Court fully incorporates herein, and as explained once again, the Court is unable to conclude that conditions now exist which would assure Defendant's appearance and the safety of the community if he were to be released.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 22nd day of December, 2021, IT IS HEREBY ORDERED that Defendant's Motion for Renewed Application for Admission to Bail (Docket No. 822) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record